IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT CUSICK,

        Plaintiff,

v.                               1:12-cv-3466-WSD

YELLOWBOOK, INC.,

        Defendant.

**OPINION AND ORDER**

This matter is before the Court on Defendant Yellowbook, Inc.'s ("Defendant") Motion for Summary Judgment.

**I.   BACKGROUND**

    A.   Facts

Defendant provides "advertising and business solutions to small and medium sized companies" throughout the United States. Plaintiff's Statement of Material Facts at ¶ 1 ("PSMF"). Specifically, the Defendant provides its customers with a platform for print and electronic advertising, direct mail advertising, resale advertising and electronic marketing solutions. Id. at ¶ 2. Plaintiff Robert Cusick ("Plaintiff") is a former Area General Sales Manager ("AGSM"), who was responsible for maintaining and growing Defendant's business in several markets

in the State of Georgia, including Atlanta, Athens, Conyers and Barrow. Defendant's Statement of Material Facts at ¶¶ 1-2 ("DSMF").  As an AGSM, Plaintiff also was responsible for supervising lower-level sales managers and sales representatives that served Defendant's customers in Georgia.  Id. at ¶ 3.  Plaintiff reported to Linda Terrizzi ("Terrizzi"), who was a Regional Vice President at Yellowbook.  Id. at ¶ 3.  Terrizzi reported to Russell Michels, who served as the Vice President of Sales for the Mid-Atlantic and Southeast regions at Yellowbook.  Id.

On September 26, 2010, Plaintiff's daughter was diagnosed with an incurable kidney disease.[1]  There is no dispute that Terrizzi and Michels were aware of Plaintiff's daughter's incurable kidney disease and that it required a transplant in the future.  PSMF at ¶ 3.

On February 27, 2011, Defendant demoted Plaintiff to the position of a Client Services Executive ("CSE").  As a CSE, Plaintiff had no management responsibilities and earned less salary than he received as an AGSM.  In February, 2011, Defendant restructured its operations and eliminated the AGSM position entirely.  At that time, Terrizzi and Michels decided not to transition the Plaintiff

---

[1] Defendant does not dispute that Plaintiff's daughter qualifies as a person with a disability under the Americans with Disabilities Act ("ADA") for the purposes of this Motion.

2

into another management role at Yellowbook. Defendant alleges that Terrizzi and Michels demoted the Plaintiff to a CSE position because, among other things, Plaintiff lacked leadership skills, exhibited poor communication skills, and mismanaged the expectations of his sales team. Plaintiff denies the Defendant's allegations. Plaintiff argues that his performance consistently exceeded the Defendant's objectives, and that he was a top producer at Yellowbook.

On June 21, 2011, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in which he alleged that Defendant discriminated against him because of his daughter's disability by demoting him to an inferior position at Yellowbook.

Defendant alleges that Plaintiff failed to meet his sales objectives after he was demoted to the CSE position, and failed to correct the deficiencies despite repeated warnings. On August 16, 2011, Defendant terminated the Plaintiff's employment. On September 1, 2011, Plaintiff filed another EEOC charge in which he alleged that the Defendant retaliated against him for filing an EEOC charge based on his demotion to a CSE position.

    B.    <u>Procedural History</u>

On October 4, 2012, Plaintiff filed a Complaint in which he alleged that the Defendant demoted him to a CSE position and ultimately terminated his

employment because of his daughter's disability.  The Complaint also alleged that the Defendant terminated the Plaintiff's employment in retaliation for filing a charge with the EEOC.  On July 31, 2013, Defendant moved for summary judgment on all of the Plaintiff's claims.  Defendant contends that Plaintiff failed to exhaust his remedies regarding his wrongful termination claim because the second EEOC charge was only a retaliation claim that was not based on unlawful discrimination.  Defendant also argued that the Plaintiff failed to establish a *prima facie* case of "association discrimination," and that even if the Plaintiff had made a *prima facie* showing, he has not shown that Defendant's legitimate, non-discriminatory reasons for demotion and termination are a pretext for unlawful discrimination.  On September 10, 2013, Plaintiff replied to the Defendant's Motion for Summary Judgment in which he abandoned his claims of "association discrimination" based on termination and retaliation.  In his response, Plaintiff only addressed his claim that Defendant violated the ADA by demoting him to a CSE position because of his daughter's disability.

## II.   DISCUSSION

### A.   Legal Standard

#### 1.   *Summary Judgment*

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Parties "asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c)(1).

The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact.  Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999).  Once the moving party has met this burden, the non-movant must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial.  Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999).  Non-moving parties "need not present evidence in a form necessary for admission at trial; however, [they] may not merely rest on [their] pleadings."  Id.

The Court must view all evidence in the light most favorable to the party opposing the motion and must draw all inferences in favor of the non-movant, but only "to the extent supportable by the record." Garczynski v. Bradshaw, 573 F.3d 1158, 1165 (11th Cir. 2009) (quoting Scott v. Harris, 550 U.S. 372, 381 n.8 (2007)). "[C]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury . . . ." Graham, 193 F.3d at 1282. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Herzog, 193 F.3d at 1246. But, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment for the moving party is proper. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

   2.   *ADA*

The ADA protects a "qualified individual" from discrimination in the "terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a) (2000). The ADA defines the term "discriminate" to include "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(4).

A plaintiff may show discrimination through direct or circumstantial evidence. The Eleventh Circuit defines direct evidence as "evidence, that, if believed, proves [the] existence of [a] fact without inference or presumption." Morris v. Emory Clinic, Inc., 402 F.3d 1076, 1081 (11th Cir. 2005); Wilson v. B/E Aerospace, Inc., 367 F.3d 1079, 1086 (11th Cir. 2004) (quoting Burrell v. Bd. of Trustees of Ga. Military Coll., 125 F.3d 1390, 1393 (11th Cir. 1997)). Direct evidence consists of "only the most blatant remarks, whose intent could be nothing other than to discriminate." Carter v. City of Miami, 870 F.2d 578, 582 (11th Cir. 1989). Where a plaintiff offers direct evidence of discrimination, summary judgment typically is inappropriate. See Carter v. Three Springs Residential Treatment, 132 F.3d 635, 641 (11th Cir. 1998).

Where a plaintiff relies on circumstantial evidence to establish discrimination, courts assess the propriety of summary judgment using the framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See also Earl v. Mervyns, Inc., 207 F.3d 1361, 1365 (11th Cir. 2000). Under this framework, a plaintiff must first establish a *prima facie* case of discrimination, which creates a rebuttable presumption that the employer acted illegally. A *prima facie* case based on "association discrimination" is established when the plaintiff shows that "(1) [he] was subjected to an adverse employment

7

action, (2) [he] was qualified for the job at that time, (3) [he] was known by [the Defendant] at the time to have a relative with a disability, and (4) the adverse employment action occurred under circumstances which raised a reasonable inference that the disability of the relative was a determining factor in [the Defendant's] decision."  Hilburn v. Murata Electronics North America, Inc., 181 F.3d 1220, 1230-31 (11th Cir. 1999); see also Wascura v. City of S. Miami, 257 F.3d 1238, 1242 (11th Cir. 2001).

If the plaintiff makes this *prima facie* showing, the defendant must articulate a legitimate, nondiscriminatory reason for the adverse employment action.  Wascura, 257 F.3d at 1242-43.  If the defendant satisfies this requirement, the burden then shifts to the plaintiff to show that the defendant's legitimate, nondiscriminatory reason is a pretext for unlawful disability discrimination.  Id. at 1243.

    B.    Analysis

        *1.*    *Demotion*

Defendant is entitled to summary judgment because Plaintiff has failed to establish a *prima facie* case of association discrimination under the ADA.  It is undisputed that there is no direct evidence of discrimination in this matter.  Plaintiff relies on the testimony of Terrizzi and Michels to argue that there is

circumstantial evidence of discrimination in this case.  Plaintiff's argument is unconvincing.  On June 6, 2013, Michels testified as follows:

> Q:  Well, do you know, when you demoted Mr. Cusick, or were you aware through any source that [his daughter] Peyton had an illness?
>
> A:  Yes, I was.
>
> Q:  Were you aware at that time of the nature of the illness?
>
> A:  Not specifically.
>
> Q:  Were you aware that it was a serious illness?
>
> A:  Yes.
>
> Q:  Did that play any part in your offering Mr. Cusick a position as CSE instead of firing him?
>
> A:  Yes.
>
> Q:  What part did Peyton's illness play in that?
>
> A:  Compassion.
>
> . . .
>
> Q:  Did Ms. Terrizzi also express compassion for Mr. Cusick because of Peyton's illness?
>
> A:  Yes.

Michels Dep. at 63: 7-22; 67: 1-8.

On June 6, 2013, Terrizzi testified at her deposition that she did not recall

9

whether "compassion" played a role in the decision to demote the Plaintiff to a CSE position.  Terrizzi Dep. at 18:1-24.  Terrizzi unequivocally denied that Plaintiff's daughter's disability was one of the motivating factors for the demotion.  Id. at 17: 18-22.

The crux of the Plaintiff's argument against summary judgment is that the inconsistency between Michels' testimony and Terrizzi's testimony "is a key factor [that may allow a] reasonable jury [to] conclude from this inconsistency that more than compassion was discussed when Michels and Terrizzi discussed Cusick's daughter's condition in the context of making the decision to demote him."  Pl.'s Mem. of Law in Opp. to Def.'s Mot. for Summ. J. at 14-15.  Plaintiff's argument is based on conjecture and speculation, and it is a regrettable manipulation of the testimony.  "Speculation does not create a *genuine* issue of fact; instead it creates a false issue, the demolition of which is a primary goal of summary judgment."  Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1181 (11th Cir. 2005) (quoting Hedberg v. Ind. Bell Tel. Co., 47 F.3d 928, 931-32 (7th Cir. 1995) (emphasis in original)).  "Although '[a]ll reasonable inferences arising from the evidence must be resolved in favor of the non-movant' on a motion for summary judgment, 'inferences based upon speculation are not reasonable.'"  Sims v. Nguyen, 403 App'x 410, 412 (11th Cir. 2010) (quoting Marshall v. City of Cape Coral, Florida, 797 F.2d 1555, 1559

(11th Cir. 1986)).

Michels, the senior management member in this employment decision, stated that his compassion for Plaintiff's daughter's disability was one of the motivating factors for his demotion rather than termination. Michels' testimony on this point is undisputed:

> Q: Did that play any part in your offering Mr. Cusick a position as CSE *instead of firing him*? (emphasis added)
>
> A: Yes.

Michels Dep. at 63: 17-22.

Michels answered "yes" because demotion rather than termination was the compassionate decision to make.[2]  A fair reading of Michels' testimony shows that Defendant intended to terminate the Plaintiff's employment in February, 2011, but

---

[2] Terrizzi also stated that compassion for Plaintiff based on his tenure and position with the company factored into the employment action taken.  She did not recall that compassion for Plaintiff's daughter's disability was actually discussed with Michels.  Plaintiff asserts in his response that ". . . Michels and Terrizzi have given inconsistent testimony as to whether they discussed Cusick's daughter's condition in the context of the demotion decision . . ." Pl.'s Mem. of Law in Opp. to Def.'s Mot. for Summ. J. at 15.  The testimony is not inconsistent at all.  Michels said that his compassion for Plaintiff's daughter was the reason he supported demotion rather than termination.  Michels did not state, and he was not specifically asked, whether he discussed this factor with Terrizzi.  Terrizzi did not recall discussing the Plaintiff's daughter's condition with Michels when considering whether to demote or terminate the Plaintiff.  The testimony is complimentary, not inconsistent.

it instead chose to demote the Plaintiff out of concern for his daughter's disability. Michels also testified that Plaintiff was not placed in another management role after the AGSM position was eliminated at Yellowbook because Michels and Terrizzi were unsatisfied with his leadership and communication skills. The only inference to be drawn from Michels' testimony, taken as a whole, is that Plaintiff's association with a disabled person protected him from outright termination. In other words, Plaintiff's association with a disabled individual had a positive impact on his employment status at Yellowbook.

"[T]he ADA imposes a 'but-for' liability standard." McNelly v. Ocala Star-Banner Corp., 99 F.3d 1068, 1077 (11th Cir. 1996). It does not permit mixed-motive claims. Id.; see also Serwatka v. Rockwell Automation, Inc., 591 F.3d 957, 961 (7th Cir. 2010). To establish a *prima facie* case of discrimination, Plaintiff is required to show that he was demoted "because of" his daughter's disability, McNelly 99 F.3d at 1077, or that his demotion occurred "under circumstances which raised a reasonable inference that the disability . . . was a *determining factor* in [the Defendant's] decision." Hilburn at 181 F.3d at 1230-31 (emphasis added). Even assuming that Terrizzi was unable or unwilling to recall that Plaintiff's association with a disabled person was a motivating factor for the demotion, which is not supported by the record, Plaintiff has failed to establish a *prima facie* case of

discrimination. No reasonable juror could find otherwise. There is no support in the record that Plaintiff would not have been demoted but for his daughter's condition. There is also no evidence to show that an adverse employment action occurred under circumstances which raise a reasonable inference that Plaintiff's daughter's disability was a determining factor in the Defendant's decision to take adverse action. It was only a factor, which mitigated the severity of the action, resulting in an inference that no discrimination took place in this matter. See Magiera v. Ford Motor Co., No. 97 C 0421, 1998 WL 704061, at *6 (N.D. Ill. Sep. 30, 1998) (granting summary judgment in favor of Ford because "in light of the fact that Ford offered [the plaintiff] another job, a reasonable person could not conclude that Ford fired [the plaintiff] because of his disability. Rather, Ford's actions indicate that Ford attempted to comply with its own policy of not firing disabled employees by offering [the plaintiff] another job.").

Plaintiff has failed to show any evidence that the decision to demote him was based on a discriminatory animus. In the absence of any evidence to suggest that Plaintiff was subjected to unlawful discrimination, the Defendant is entitled to judgment as a matter of law. See Dulaney v. Miami-Dade County, 481 Fed. App'x 486, 490-91 (11th Cir. 2012) (holding that plaintiff failed to establish a *prima facie* case of discrimination under the ADA because there was no evidence to suggest

that the employer's actions resulted from a discriminatory animus); accord Angel v. Fairmount Fire Protection District, No. 12-1465, 2013 WL 6654044, at *4 (10th Cir. Dec. 18, 2013).

The Court also concludes that Plaintiff failed to establish that Defendant's reasons for demoting him to a CSE position were a pretext for unlawful discrimination. Plaintiff's claim that the reasons for his demotion were a pretext for unlawful discrimination fails. Plaintiff has not presented any evidence of discrimination based on his daughter's disability. The purpose of the pretext inquiry is to determine "not merely that the defendant's employment decisions were mistaken, but that they were in fact motivated by discriminatory animus." Dulaney, 481 Fed. App'x at 490 (citations omitted). "[A]n employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." Id. Plaintiff quarrels with the Defendant's decision to demote him to a CSE position on several grounds, but none of his complaints are actionable if there is no evidence to suggest that Defendant made the adverse employment decision because of Plaintiff's association with a disabled person. See Plaintiff's Response to Defendant's Statement of Material Facts at ¶¶ 5-12. The ADA does not provide a cause of action for an adverse employment decision unless the decision is taken

for a discriminatory reason.  Plaintiff's attempt to discredit the Defendant's legitimate, non-discriminatory explanations for his demotion is irrelevant to the resolution of this dispute.  <u>Dulaney</u>, 481 Fed. App'x at 490.

The Defendant's Motion for Summary Judgment regarding the Plaintiff's claim that he was demoted because of his daughter's disability is granted.

### 2. *Termination and Retaliation*

In opposing a motion for summary judgment, a "'party may not rely on his pleadings to avoid judgment against him.'"  <u>Resolution Trust Corp. v. Dunmar Corp.</u>, 43 F.3d 587, 599 (11th Cir. 1995) (quoting <u>Ryan v. Int'l Union of Operating Eng'rs</u>, Local 675 (11th Cir. 1990)).  "Grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned."  <u>Id.</u> (internal citations omitted).  Here, the Plaintiff abandoned his termination and retaliation claims.  Defendant is entitled to summary judgment on the Plaintiff's remaining claims.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED** [33].

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File Documents Under Seal is **DENIED AS MOOT** [40].

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File a Sur-reply is **DENIED AS MOOT** [49].

**SO ORDERED** this 11th day of March 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE